UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>        Petitioner,<br><br>v.<br><br>GORE et al.,<br><br>        Respondents. | Case No.: 20cv2120 CAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND DISMISSING PETITION WITHOUT PREJUDICE** |

  Petitioner is a California prisoner serving a sentence of 22 years in state prison as a result of a 2010 conviction and sentence in San Diego Superior Court case number SCS 215653, who is currently detained at the San Diego County Jail and is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.) On October 28, 2020, Petitioner filed a motion for leave to proceed in forma pauperis along

---

[1] The Court takes judicial notice of the abstract of judgment against Petitioner, which was filed as a lodgment in a separate habeas corpus proceeding in this district, with respect to the length of Petitioner's sentence and year of conviction and sentence in case number SCS 216553. (ECF No. 28-2 at 42-45, CT 126-29, in S.D. Cal. Civil Case No. 13cv1193-GPC-PCL); see United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

with a copy of his trust account statement. (ECF No. 2.) For the reasons discussed below, the Court **GRANTS** Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] and **DISMISSES** the Petition without prejudice.

## MOTION TO PROCEED IN FORMA PAUPERIS

Upon review of Petitioner's motion and accompanying trust account statement, Petitioner has $1.94 on account at the San Diego County Jail (see ECF No. 2 at 2, 4) and cannot afford the $5.00 filing fee. As such, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and allows him to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court will file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## DISCUSSION

Petitioner indicates he is challenging his 2010 conviction in Case No. SCS 215653 and indicates the result on appeal was "pending, reversal, remand." (ECF No. 1 at 1-2.) Petitioner raises four claims for relief, alleging (1) the courts have violated his due process rights by impeding his attempted writ review, (2) he has been denied meaningful access to the courts by denying him the tools necessary to prosecute his claims, (3) discrimination under the Americans with Disabilities Act by the courts' refusal to provide access to an ADA Coordinator and by being denied programming, and (4) equal protection violations and denial of equal access to the law based on his disabilities. (Id. at 6-9.) Petitioner lists numerous state trial and appellate court case numbers, including case numbers MH102411, D057645, D076678, D074656 and D077762, the last of which Petitioner indicates is now pending.[2] (Id. at 2, 10.) Petitioner also indicates he has filed other petitions, applications

---

[2] The Court was unable to locate case number D077762 in a search of the California Supreme Court's electronic docket. It is unclear whether Petitioner may have instead intended to refer to case number D077926, a petition for writ of mandate filed on September 14, 2020 and denied by the California Court of Appeal on September 15, 2020, and in which a petition for review was denied by the California Supreme Court on October

or motions with respect to this judgment in both the state appellate and state supreme courts but does not provide any case numbers or other details concerning those proceedings. (Id. at 3-4.)

With respect to the first claim presented, Petitioner fails to identify the case number associated with the writ review he alleges is being impeded. Upon review of the state court cases cited by Petitioner, Petitioner first lists case number MH102411, which was appealed in case number D053201 and was closed in 2009. (See Case No. MH102411 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=41, last visited November 12, 2020.) Given that this case predates the conviction challenged in the instant petition, Petitioner's 2010 conviction and sentence in case number SCS 215653, it is unclear whether or how this case relates to Petitioner's current habeas action and Petitioner does not offer clarification on this matter. Case number D076678, meanwhile, concerns the denial of Petitioner's motion to withdraw a guilty plea in case number SCS 179057, a 2004 conviction that was used as a strike in Petitioner's 2010 sentencing in case number SCS 215653. (See https://www.courts.ca.gov/opinions/nonpub/D076678M.PDF.) Upon examination of this district's own docket, the Court takes judicial notice that Petitioner currently has a pending case challenging this conviction, S.D. Cal. Civil Case No. 20cv1773-CAB-AGS. See Wilson, 631 F.2d at 119 ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") To the extent Petitioner seeks to amend his pending petition in that case, he must submit such filings in that pending proceeding and not the instant action.

Review of case numbers D074656 and D057645 reflect Petitioner's 2010 sentence in case number SCS 215653 was reversed for resentencing in an order dated October 8, 2019 in case number D074656, but it is unclear whether Petitioner has since been

---

30, 2020, two days after Petitioner filed the instant Petition. (See Case No. D077926 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited November 12, 2020.)

resentenced.[3] (See https://www.courts.ca.gov/opinions/nonpub/D074656.PDF, last visited November 12, 2020.) To the extent Petitioner's claims relate to his ongoing state criminal resentencing proceedings, it appears those claims would be subject to dismissal pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") The Ninth Circuit has explained that: "Younger abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate(s) important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek(s) to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018), quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014). Each of those criteria appear satisfied here. Petitioner appears to acknowledge that his case remains ongoing in state court, as he indicates the result on appeal was "pending, reversal, remand." (ECF No. 1 at 1-2.) It is evident that resentencing proceedings implicate important state interests. It also appears Petitioner is able to petition the state courts for the relief he seeks. Petitioner notes he has an appeal currently pending in state court (see id. at 2, 10), and while Petitioner has identified that case as case number D077762, which the Court has been unable to locate on the California Supreme Court's electronic docket, the Court cannot simply discount

---

[3] Similarly, case number D057645 also pertains to Petitioner's 2010 conviction in case number SCS215653. There, the state appellate court affirmed the judgment against Petitioner but reversed the portion of the sentence relating to fees, fines, surcharges and penalty assessments in an order dated December 22, 2011. (See Case No. D057645 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=41, last visited November 12, 2020.)

Petitioner's assertion that he is currently availing himself of the opportunity to petition the state courts for relief.[4]  In any event, given that Petitioner's resentencing appears to be ongoing, the Court must refrain from any federal action that would serve to enjoin those state criminal proceedings.  Thus, to the extent the Petition seeks to challenge ongoing resentencing proceedings, abstention is required.[5]  See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); see also Juidice v. Vail, 430 U.S. 327, 337 (1977) (holding that if Younger abstention applies, a court may not retain jurisdiction but should dismiss the action).

Finally, several of Petitioner's contentions, particularly those related to Petitioner's alleged denial of meaningful access, equal protection and ADA violations, appear to relate not to challenges to his conviction or sentence, but to the conditions of his confinement. To the extent Petitioner seeks to challenge the conditions of his confinement, such a challenge must be brought, if at all, in a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of

---

[4] The Court notes that it also appears Petitioner recently filed another habeas petition in the California Court of Appeal, which the state appellate court denied on October 9, 2020; on October 23, 2020, Petitioner filed a petition for review in the California Supreme Court, which is currently pending.  (See Case Nos. D078038 and S265169 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=41, last visited November 12, 2020.)

[5] In the event Petitioner's state criminal proceedings have since concluded and he has been resentenced, the Court apprises Petitioner that pursuant to 28 U.S.C. § 2254, he must still exhaust state judicial remedies before bringing any claims related to the state court's decision in federal court.  In order to exhaust, a California state prisoner must first present the California Supreme Court with a fair opportunity to rule on the merits of every claim raised in his or her federal habeas petition.  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).

his prison life, but not to the fact or length of his custody."); see also Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting Preiser, 411 U.S. at 487, and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011).  If Petitioner wishes to pursue claims concerning the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new civil case number.

## CONCLUSION AND ORDER

The Court **GRANTS** Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2].  For the reasons discussed above, the Petition is **DISMISSED** without prejudice.  To the extent Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights complaint pursuant to 42 U.S.C. § 1983, which will be given a new case number.

**IT IS SO ORDERED.**

Dated:  November 13, 2020

Hon. Cathy Ann Bencivengo
United States District Judge